[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff-appellant Dwight D. Brannon Associates ("Brannon"), a Dayton law firm, appeals from a judgment in the amount of $4,500 against the firm's former client, defendant-appellee Michelle Barnard. Brannon contends that the trial court abused its discretion in determining the amount of the judgment, and that the amount of the judgment is against the manifest weight of the evidence.
We conclude that the trial court did not abuse its discretion, and that it complied with our mandate following the reversal of the judgment of the trial court as a result of an earlier appeal. Accordingly, the judgment of the trial court isAffirmed.
 I
This case arises from a complaint filed by Brannon in the Dayton Municipal Court seeking a judgment against Michelle Barnard, a former client, for legal services rendered in her divorce action. This is the second appeal filed in this action. The underlying facts in this case have been succinctly stated in the opinion disposing of Brannon's previous appeal of this matter, and need not be repeated here. See Dwight D. Brannon Associatesv. Barnard (Dec. 31, 1997), Montgomery App. No. 16693, unreported.
After our remand of this case, the trial court issued a judgment awarding Brannon $4,500, despite Brannon's testimony that he was entitled to more than $9,000 in fees and costs.[1]
Brannon appeals from this order.
 II
Brannon's sole Assignment of Error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN FORMULATING ITS AWARD OF ATTORNEY FEES TO APPELLANT IN THE CASE AT BAR, AND ALSO INCORRECTLY FORMULATED THE AMOUNT OF SAID AWARD, WHICH AWARD WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Brannon contends that the trial court abused its discretion in determining the amount of attorney fees owed by Barnard, and that the amount of the judgment is not supported by the evidence.
In the prior appeal, we remanded this case to the trial court with the following instructions:
 Because Brannon's failure to present expert testimony, other than his own testimony, on the reasonableness of the legal fees was the sole basis for the trial court's decision to dismiss the complaint, this matter will be remanded to the trial court for it to reconsider the evidence in light of Dwight Brannon's testimony. We express no opinion as to what weight the trial court should accord Dwight Brannon's testimony.
Brannon, supra.
Brannon does not contend that the trial court failed to follow our orders on remand. In fact, the record demonstrates that the trial court complied with our order on remand. The court's decision expressly states that the court "thoroughly reviewed the transcript of Dwight Brannon's trial testimony * * * the court considering the testimony of Dwight Brannon finds that the invoice is excessive and its charges are not supported by credible testimony."
It is within the province of the trier-of-fact to determine the credibility of the witnesses and the weight to be accorded the testimony. Walker v. Holland (1997), 117 Ohio App.3d 775, 791. When considering whether the judgment of the trial court is against the manifest weight of the evidence, it is important that the court of appeals be guided by a presumption that the findings of the trier-of-fact are correct. Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 79-80.
In this case, the trial court was merely instructed to consider Brannon's testimony. It is clear that the trial court did so. Since it is within the trial court's discretion to believe or disbelieve the testimony of Brannon as a witness, we cannot say that the trial court abused its discretion or that its decision is against the weight of the evidence. Furthermore, we find that the there is evidence in the record to support the decision of the trial court.
Brannon argues that because Barnard contracted with his firm for legal services, the trial court erred by concerning itself with whether the fees sought were reasonable. Brannon did not make this argument in connection with the first appeal in this case, contending instead that the trial court erred by refusing to consider his own testimony as an expert on the subject of legal fees. We agreed, reversed the judgment of the trial court, and remanded this cause for consideration of Brannon's testimony and the awarding of a reasonable fee. Our appellate judgment was not the subject of a motion to reconsider or a further appeal to a higher court. Accordingly, right or wrong, it is the law of this case, and the trial court did not err in complying with our mandate.
Brannon's sole Assignment of Error is overruled.
 III
Brannon's sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Thomas J. Manning
K. Philip Callahan
Hon. Daniel G. Gehres
[1] This amount was reduced by a $3,000 retainer previously paid by Barnard.